**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| RESOURCE TECHNOLOGY ) | |
| CORPORATION, ) | |
| ) | |
| Debtor. ) | |
| ------------------------------------------------------------- ) | |
| CHIPLEASE, INC. and ) | |
| SCATTERED CORPORATION, ) | Case No. 06 C 5541 |
| ) | |
| Appellants, ) | |
| ) | |
| vs. ) | |
| ) | |
| JAY A. STEINBERG, as Chapter 7 Trustee ) | |
| for RESOURCE TECHNOLOGY ) | |
| CORPORATION, ALLIED WASTE ) | |
| INDUSTRIES, INC., and AMERICAN ) | |
| DISPOSAL SERVICES OF ILLINOIS, INC., ) | |
| ) | |
| Appellees. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

On June 29, 2006, Chief Bankruptcy Judge Eugene Wedoff issued an order denying creditors Chiplease, Inc. and Scattered Corporation's motion to compel the Chapter 7 trustee of Resource Technology Corp. (RTC) to seek assumption and assignment of an agreement between RTC and American Disposal Services, Inc. (ADS). Chiplease and Scattered Corp. appeal from that order. For the reasons stated below, the Court affirms the bankruptcy judge's ruling.

**Background**

Before it was put into involuntary bankruptcy, RTC was in the business of collecting

methane gas emitted from garbage landfills and converting it into usable energy. In 1995, RTC and ADS entered into an agreement pursuant to which RTC constructed and operated landfill gas-to-energy plants at four ADS landfills located in Pontiac, Illinois, Clarion, Pennsylvania, Wheatland, Kansas, and Wyandot, Ohio (ADS agreement). The ADS agreement had an initial term of ten years unless extended by the parties. To extend the agreement, RTC had to provide written notice of its intent to renew "by certified or registered mail . . . not less than thirty days prior to the expiration [of the term]," which was November 21, 2005. Appellee's Ex. A ¶ 4.

RTC was put into involuntary Chapter 7 bankruptcy in 1999 and later converted the case to a Chapter 11 reorganization. RTC assumed the portion of the ADS agreement related to the Pontiac, Illinois landfill in 2002. In September 2005, RTC's bankruptcy case was reconverted to a Chapter 7 liquidation, and a trustee was appointed. On November 16, 2005, the trustee asked ADS to extend to December 31, 2005 the deadline by which the ADS agreement could be renewed. ADS agreed. Neither of the parties sought a further extension.

In March 2006, the trustee and appellants, who had various legal disputes with RTC, entered into a settlement agreement whereby the appellants would purchase certain RTC assets. The settlement agreement allowed appellants to designate executory contracts that the trustee would be required to assume and then assign to appellants or their designees. Appellants did not have the right "to designate any Contract . . . if the Estate believes in good faith that a particular designation will result in the Estate being subject to sanctions pursuant to Fed. R. Bankr. P. 9011 or allegations of bad faith." Appellee's Ex. F. ¶ 14. If the trustee refused to seek the bankruptcy court's approval to assume and assign a contract designated by appellants, appellants had the right to file a motion to compel the trustee to act.

2

On May 12, 2006, the trustee identified contracts, including the ADS agreement, that he would not move to assume and assign unless compelled by the bankruptcy court. The trustee informed appellants that he had received numerous objections regarding the assumption of these contracts, "particularly as to whether various contracts have terminated." Appellee's Ex. H at A. Among these objections was a letter from ADS informing the trustee that the ADS agreement had expired. On May 26, 2006, appellants moved the bankruptcy court to compel the trustee to assume the ADS agreement. On June 13, 2006, the court determined that the ADS agreement had expired and, therefore, the trustee would not have a good faith basis to assume the contract. Accordingly, the court denied the motion to compel.

**Standard of Review**

The Court reviews the bankruptcy judge's conclusions of law *de novo* but reviews his factual findings for clear error. *In re Sheridan*, 57 F.3d 627, 633 (7th Cir. 1989). "The clearly erroneous standard . . . does not permit a trier of fact to be overturned 'simply because [the appellate court] is convinced it would have decided the case differently.'" *In re Bonnett*, 895 F.2d 1155, 1157 (7th Cir. 1989) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). Rather, if "two permissible conclusions can be drawn, the factfinder's choice cannot be clearly erroneous." *Id.* (citing *EEOC v. Sears, Roebuck & Co.*, 839 F.2d 302, 309 (7th Cir. 1988)). The bankruptcy court's interpretation of its own orders may not be reversed absent a "clear abuse of discretion." *Endois Corp. v. Employers Ins. of Wausau (In re Consolidated Indus. Corp.)*, 360 F.3d 712, 716 (7th Cir. 2004) (quotation omitted).

**Discussion**

Appellants identify three issues that they claim require the reversal of the bankruptcy

court's order: the bankruptcy court erred when it denied appellants' motion to compel; the bankruptcy court erred when it held that a motion by the trustee to assume the ADS agreement would be sanctionable; and the bankruptcy court erred when it refused to hold an evidentiary hearing on appellants' motion to compel. *See* Appellants' Brief at 2-3. Appellees dispute appellants' statement of the second issue; they argue that the bankruptcy court did not conclude that a motion to assume the ADS agreement would be sanctionable. Rather, they say, the issue before the bankruptcy court was whether the trustee "believe[d] in good faith" that assumption of the ADS contract would subject it to sanctions pursuant to Bankruptcy Rule 9011. Appellees' Brief at 1. In their reply brief, appellants appear to concede that this is the proper inquiry. Reply Brief at 1, 3. Though appellants identify three issues, the second is really a subset of the first, as it is one basis for appellants' contention that the bankruptcy court should have granted its motion to compel. Accordingly, the Court will address appellants' arguments that the bankruptcy court erred by denying their motion to compel and by refusing to hold an evidentiary hearing.

### 1. Appellants' motion to compel

Appellants argue that the bankruptcy court erred by addressing the issue of the expiration of the ADS agreement. They say that the issue properly before the court was whether the trustee had a good faith basis to believe that pursuing an assumption and assignment of the agreement would subject him to Rule 9011 sanctions. According to appellants, this threshold issue differed from the ultimate determination of the merits that, they say, the bankruptcy court made. In other words, appellants say, the court "was only required to determine whether the Trustee could present an argument in favor of assumption and assignment without subjecting himself to sanctions," not "that the ADS agreement could [actually] be assumed." Reply Brief at 3, 4.

Appellants have misread the bankruptcy court's decision. Though the court may not have used the magic words that appellants seem to think were necessary, it is clear that the court was considering the correct issue. Near the outset of the proceedings, the court framed the issue by stating that

> [t]he underlying issue with all of these [contracts] is whether the trustee is reasonably asserting that to pursue a motion here would violate the trustee's obligations under Rule 9011, and so the question here is whether the trustee has a good basis for believing that pursuing an assumption here would violate Rule 9011.

June 13, 2006 Tr. at 9. And in addressing the ADS agreement, the court stated, in essence, that if it was apparent that the agreement had expired, "the trustee does not have a basis for going forward on it." *Id.* at 72.

The fact that the bankruptcy court may have considered the merits of the issue of the expiration of the ADS agreement does not mean, as appellants argue, that it was putting the cart before the horse. In fact, the two issues were intertwined. A court may impose sanctions under Rule 9011 if the party's attorney failed to conduct an adequate inquiry into the facts and law before filing the claim. *In re Excello Press, Inc.,* 967 F.2d 1109, 1122 (7th Cir. 1992). The attorney's conduct is judged by a standard of objective reasonableness. *In re Kaliana,* 207 B.R. 597, 601 (Bankr. N.D. Ill. 1997). In short, if there was no objectively reasonable argument that the ADS agreement had not expired, then the trustee could not properly pursue an assumption and assignment of that agreement.

For this reason, inquiry regarding whether the trustee could make a good faith argument in favor of assumption appropriately included inquiry into the issue of expiration. The bankruptcy court determined that because the ADS agreement clearly had expired, "the trustee does not have a basis for going forward on it." June 13, 2006 Tr. at 13. The court did not err in

5

considering the expiration issue as part of its inquiry.

Nor did the court err in its underlying determination of the expiration issue. Appellants argued that the agreement had not expired by pointing to several court orders extending the time for the trustee to move to assign and assume contracts under the parties' settlement agreement. They argued that the "obvious intention" of these orders was to extend the time to renew the ADS contract. Appellants' Brief at 12. The bankruptcy court disagreed, finding that its orders clearly stated that they did not extend the deadline:

> THE COURT: Do you have any court order or any agreement that extended the time that the estate had to exercise an option to extend the underlying agreement?
>
> COUNSEL: I think that the orders extending time [to move to assume and assign] were those orders, Your Honor.
>
> THE COURT: Okay. I don't think so. We have always made a distinction between extending the time for the estate to assume or reject and the question of whether the underlying agreement was terminated . . . If there is nothing that prevents the expiration of the underlying agreement according to its terms other than an allegation that an order extending the time for the estate to assume or reject is in place, *the trustee does not have a basis for going forward on it.*

June 13, 2006 Tr. at 72 (emphasis added). The court summarized, "if [the agreement has] already expired, extending the time for assumption or rejection will have no impact on the expiration." *Id.* at 70.

The extension orders entered by the court only provided an extension "to the extent RTC possesses any contract rights." Appellees' Ex. O. The orders each further stated, "nothing in this Order shall extend the right to assume or reject any contract that has already expired or been terminated and nothing in this Order shall be deemed to be a release or waiver of any right, claim or cause of action of any kind that any party . . . to such contracts may have that such contracts have expired and/or been terminated prior to the date of this Order." *Id.* Everyone but

appellants, it seems, understood the effect of the extension orders. As the court stated,

> No, you're not going to find anything, I am confident, in the record where [ADS's] counsel acknowledges that an extension of time to assume or reject constitutes an extension of the underlying agreement that's subject to assumption or rejection. They've been here vociferously arguing for a substantial period of time that the agreement had terminated.

June 13, 2006 Tr. at 74.

The bankruptcy court's interpretation of its own orders is not subject to reversal absent a "clear abuse of discretion." *Endois Corp.*, 360 F.3d at 716 (quotation omitted). Based on the unambiguous language of the extension orders, appellants cannot meet this high hurdle. The court's determination that its orders did not renew the ADS agreement was not erroneous.

### 2. Evidentiary hearing

Appellants also contend that the bankruptcy court should have conducted an evidentiary hearing regarding whether the ADS agreement terminated before finding that the trustee had a good faith basis to believe that a motion to assume and assign could subject him to sanctions. Appellants argue that there were disputed issues of fact regarding "the Estate's and [ADS's] intentions and understandings as to the Trustee's dealings with [ADS] before determining that the extension of the assumption/rejection deadline was entered into by the Trustee as an exercise in futility." Appellants' Brief at 15.

Appellants do not point to any evidence they would have introduced at an evidentiary hearing that would have affected the outcome of the motion to compel. They claim that there were disputed factual issues regarding "the understanding and intentions of the Trustee and Allied in entering into the Agreed Order and in the subsequent conduct with regard to the ADS agreement." Appellants' Brief at 15. As the bankruptcy court noted, the parties' subjective

7

understandings and intentions regarding the court's order are irrelevant. June 13, 2006 Tr. at 73 ("[i]t's not a question of what his subjective understanding was. It's a question of what the terms of the order were and the terms of the underlying agreement."). There is no dispute about the language of the ADS agreement's termination provision, and appellants do not dispute that no one sought an extension of the agreement beyond December 31, 2005. Evidence regarding individuals' subjective understanding, assuming it would be admissible, would not change that. Nor is there any extrinsic evidence that would have affected the meaning of the bankruptcy court's orders extending the time for the trustee to assume or reject contracts. Accordingly, the court did not err by denying appellants' request for an evidentiary hearing.

**Conclusion**

For the reasons stated above, the Clerk is directed to enter judgment affirming the decision of the bankruptcy court.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 20, 2007